IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION
Case No.:
Division: Civil
District Judge:
Magistrate Judge:

**20 CAP FUND I, LLC,**

        **Plaintiff,**

vs.

**RECONTRUST COMPANY, N.A.,**

        **Defendant.**

_____/

## VERIFIED COMPLAINT FOR DELARATORY AND RELATED RELIEF

Plaintiff, 20 Cap Fund I, LLC, files its Complaint as follows:

1. 20 Cap Fund I, LLC ("Plaintiff") is a limited liability company organized under the laws of Delaware, with its principal place of business in California and is a citizen of California for purposes of diversity jurisdiction as its Managing Member resides in California. Please see attached copies of Articles of Organization, Renewal Certificate and Renewal History incorporated herein as "Exhibit A."

2. Defendant, Recontrust Company, N.A., ("Defendant Recon") is a corporation organized and incorporated under the laws of California, with its principal place of business in Oregon and is a citizen of Oregon as its principals reside in Oregon upon information and belief for purposes of diversity jurisdiction and regularly transacts business in Texas.

3. Per 28 U.S.C. § 1332(a), the Court has diversity jurisdiction over this action as there is partial diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, inclusive of damages, per the value of the real property. *Occidental Chem. Corp. v. Bullard,* 995 F.2d 1046 (11th Circuit). The property value may be determined by the instrument governing the property. *Waller v. Profession Ins. Corp.,* 296 F.2d 545, 547 (5th Circuit, 1961); *Burks v. Texas Co.,* 211 F.2d 443 (5th Circuit, 1954); *Ebensberger v. Sinclair Refining Co.,* 165 F.2d 803, 805 (5th Cir.), *cert. denied,* 335 U.S. 816, 69 S. Ct. 35,

93 l. Ed. 371 (1948); *cf. Stinson v. Dousman,* 61 U.S. (20 How.) 461, 466-67, 15 L. Ed. 966, 969 (1857) (equating value with contract price and finding jurisdictional amount in controversy). In equitable actions, the amount in controversy is measured by the value of the object of the litigation. *Occidental* citing *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 347-48, 97 S. Ct. 2434, 2443, (1977). *Ericsson v. Motorola Communications & Elecs. Inc.,* 120 F.3d 216, 218 (11th Cir., 1997).

4. Under 28 U.S.C. § 1391 venue is proper in the Court as the Defendant regularly conducts business in the judicial district where this action is brought, a substantial part of the events or omissions giving rise to the claim occurred in this District, and the property that is the subject of this action is located in this District.

5. Per a Plat recorded at Film Code No. 402071 of the Public Records of Harris County, Texas, the Property is described as follows:

> Lot 2, in Block 1, of Heritage Park, Section twenty-three (23), a subdivision in Harris County, Texas, according to the map or plat thereof, recorded at Film Code No. 402071 of the map records of Harris County, Texas.

6. Title to the Property is currently vested in Daniel Giron and Diana Giron per a General Warranty Deed with Vendor's Lien in Favor of Third Party ("Warranty Deed") recorded as RP-2016-97302 in the Public Records of Harris County, Texas. Please see copy of Warranty Deed attached hereto and incorporated herein as "Exhibit B."

7. On March 1, 2005, David Morris and Maxine E. Bernal a/k/a Maxine Elisa Morris executed and delivered a Note to First Franklin A Division of Nat City Bank of IN ("First Franlin") for $32,600.00. Please see copy of Note attached hereto and incorporated herein as "Exhibit C."

8. The Property was secured as collateral for the Note under a Deed of Trust executed by David Morris and Maxine E. Bernal a/k/a Maxine Elisa Morris, recorded as RP 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. Please see copy of Mortgage attached hereto and incorporated here as "Exhibit D."

9. Plaintiff is the owner and holder of the Note and Deed of Trust ("Instruments") by virtue of the Assignments of Deed of Trust and Note with a blank endorsement. Please see copies of all assignments of deed of trust and note with blank endorsement from original lender and corresponding allonges attached hereto and incorporated herein as "Exhibit E."

2

10. David Morris and Maxine E. Bernal a/k/a Maxine Elisa Morris are indebted to Plaintiff for the unpaid balance of $31,927.21 per the Instruments, plus interest, attorney's fees, costs and other charges as provided by the Instruments.
11. After executing the Instruments, David Morris and Maxine E. Bernal a/k/a Maxine Elisa Morris sold the Property to the current owners, Daniel Giron and Diana Giron, per a General Warranty Deed with Vendor's Lien in Favor of Third Party ("Warranty Deed") recorded as RP-2016-97302 in the Public Records of Harris County, Texas. The Property was sold for approximately $211,105.00.
12. Lender did not receive any funds from this sale of the Property.
13. Despite this, Defendant Recon recorded a Release of Lien on behalf of First Franklin on March 4, 2016, as Instrument Number RP-2016-92269, thus releasing Plaintiff's lien and satisfying the Instruments.

## COUNT I: DECLARATORY RELIEF

14. Paragraphs 1-13 are incorporated by reference.
15. Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. Pro. 57, Plaintiff requests that the Court enter a declaratory judgment against Defendant Recon declaring that it had no authority to release, satisfy, or accept payoff of Plaintiffs lien on behalf of First Franklin.
16. Prior to the closing of the sale of the property resulting in the Warranty Deed, First Franklin, by Assignment of Deed of Trust and endorsement of the Note sold the Instruments.
17. Plaintiff acquired the Instruments by Assignment of Deed of Trust dated April 17, 2015 and blank endorsement of the Note.
18. On or about March 4, 2016, the property was sold by Warranty Deed to Daniel Giron and Diana Giron for approximately $211,105.00. Please see the Warranty Deed attached hereto and incorporated herein as "Exhibit B."
19. On or about March 4, 2016, the Seller was given $72,873.76 as proceeds after the sale. Please see attached copy of the Closing Disclosure attached hereto and incorporated herein as "Exhibit F."
20. The Closing Disclosure does not show any payments to the second Deed of Trust that the Plaintiff owns.

3

21. As owner and holder of the Instruments, Plaintiff was entitled to payoff of its lien from the proceeds of the sale.
22. On or about March 2, 2016, First Franklin issued a Release of Lien, which was recorded as RP-2016-92269 on or about March 4, 2016 in the Public Records of Harris County, Texas, releasing and satisfying Plaintiff's lien. Please see a copy of the Release of Lien attached hereto and incorporated herein as "Exhibit G."
23. As First Franklin was not the owner of the Instruments, Defendant Recon had no authority to release or satisfy the lien.
24. After the sale took place and the Warranty Deed was recorded, Plaintiff contacted the title company several times requesting a copy of the Closing Disclosure to determine to whom funds were disbursed and Plaintiff even filed a lawsuit under Case Number 16-CV-00303 to compel the title company to produce the Closing Disclosure, which was recently received by the Seller.

## COUNT II: UNJUST ENRICHMENT

25. Paragraphs 1-13 are incorporated by reference.
26. Pursuant to Fed. R. Civ. Pro. 3 and 28 U.S.C. § 1367, Plaintiff requests that the Court enter an order against Defendant Recon requiring it to pay to Plaintiff the sums due under its Instruments, which were unjustly acquired, retained or failed to retain by First Franklin.
27. Prior to the closing of the sale of the property resulting in the Warranty Deed, First Franklin, by Assignment of Deed of Trust and endorsement of the Note sold the Instruments.
28. Plaintiff acquired the Instruments by Assignment of Deed of Trust dated April 17, 2015 and blank endorsement of the Note.
29. As First Franklin was not the owner of the Instruments, Defendant Recon had no authority to release or satisfy the lien on its behalf.
30. Further, as First Franklin was not the owner of the Instruments, it had no authority to accept the payoff of Plaintiff's lien or fail to accept a payoff of Plaintiff's lien.

31. First Franklin either accepted funds that were rightfully Plaintiff's or knowingly allowed said funds to be disbursed to a third party.
32. Defendant Recon has been unjustly enriched by both accepting the proceeds of the sale of the Instruments and by failing to accept or accepting the proceeds to satisfy the instruments.

## COUNT III: ATTORNEYS' FEES

33. Paragraphs 1-13 are incorporated by reference.
34. Pursuant to 28 U.S.C. § 2412, Plaintiff requests that the Court enter an order awarding Plaintiff its' attorney fees and costs incurred pursuant to this action.

**WHEREFORE**, Plaintiff prays for the following relief:

a) That under Count I, Wherefore, Plaintiff respectfully requests this honorable Court enter an Order declaring that Defendant Recon, on behalf of First Franklin, did not have the authority to satisfy the lien secured by the Instruments, striking said satisfaction from the official records of Harris County, Texas; and declaring that Plaintiff has the right to collect the sums due and owing to it from all parties receiving funds from the sale of the property if funds were received and/or the funds need to be reimbursed by First Franklin; and

b) That under Count II, the Court enter an order divesting the unjust enrichment of Defendant and requiring restitution to Plaintiff; and

c) That under Count III, the Court enter an order granting Plaintiff its reasonable attorneys' fees and costs incurred in this action; and

d) For such other relief Plaintiff is entitled.

[remainder of page left intentionally blank]

Respectfully submitted this 21st day of April, 2023.

/s/ Damian Waldman
Damian Waldman, Esq.
Southern District of TX No.: 2523745
Florida Bar No. 0090502
Law Offices of Damian G. Waldman, P.A.
P.O. Box 5162
Largo, FL 33779
Telephone: (844) 899-4162
Facsimile: (844) 882-4703
Email: damian@dwaldmanlaw.com
Email 2: sabrina@dwaldmanlaw.com
E-Service: service@dwaldmanlaw.com
Attorneys for Plaintiff

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing Verified Complaint for Declaratory and Related Relief, and the facts alleged therein are true and correct to the best of my personal knowledge and belief.

*[signature]*

Printed name: <u>Lars Bell</u>

Title: MANAGING MEMBER

and as authorized agent on behalf of Plaintiff, 20 CAP FUND I, LLC

Date: 04/20/2023

**STATE** of _____

**COUNTY** of _____

The foregoing instrument was sworn to or affirmed and subscribed before me this _____ day of _____, 20___, by Lars Bell (Name), _____ (Title) and as authorized agent on behalf of 20 Cap Fund I, LLC, Plaintiff who is personally known to me [ ] or has produced _____ as identification [ ].

**SEE ATTACHED CALIFORNIA JURAT**

Print Name: _____
Notary Public, State of _____

My Commission Expires: _____

7

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

Subscribed and sworn to (or affirmed) before me on this 20th day of April, 2023, by Lars Bell

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

RENATA GORREMANS
Notary Public · California
San Diego County
Commission # 2429928
My Comm. Expires Dec 9, 2026

(Seal)                    Signature