IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| 20 CAP FUND I, LLC, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:23-cv-00120 | |
| § | | |
| BANK OF AMERICA, N.A., § | | |
| SUCCESSOR BY MERGER TO § | | |
| RECONTRUST COMPANY, N.A., § | | |
| § | | |
| Defendant. § | | |
| § | | |

**DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Bank of America, N.A., Successor by Merger to ReconTrust Company, N.A. ("Defendant"), hereby files this Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendant respectfully shows the Court as follows:

**I.
FACTUAL ALLEGATIONS**

On March 1, 2005, David and Maxine Morris (the "Borrowers") obtained a $32,600.00 second-lien mortgage from First Franklin, a Division of National City Bank of Indiana (the "Second Mortgage").[1] Plaintiff has attached to its pleading the Note and

---
[1] 1st Am. Cmpl. (Dkt. 13) at 2, ¶¶ 7-8.

1

Deed of Trust evidencing the Second Mortgage.[2] The Deed of Trust encumbers the real property at 3034 Regata Run Drive, Friendswood, Texas 77546 (the "Property").[3]

Plaintiff alleges that it previously acquired from First Franklin the Second Mortgage and all rights and interests thereunder (e.g., the power to collect payments due on the Note, and the power to foreclose on the Deed of Trust in the event of the Borrowers' default).[4] Plaintiff has attached to its pleading the Corporate Assignment of Deed of Trust (the "Assignment") that purports to assign the Second Mortgage from First Franklin to 20 Cap Fund I, LLC, said Assignment dated April 17, 2015.[5]

Plaintiff next alleges the Borrowers sold the Property on March 4, 2016.[6] Plaintiff goes on to contend that the Borrowers, at that time, used proceeds from the sale to pay off the Second Mortgage by tendering funds to ReconTrust Company, N.A. ("ReconTrust") rather than Plaintiff, the assignee of the Second Mortgage.[7] More simply put, Plaintiff insists that it "was entitled to payoff of its lien from the proceeds of the sale."[8]

Further, Plaintiff has attached to its pleading the Release of Lien filed by ReconTrust, on behalf of First Franklin, in the Harris County property records on March 4, 2016.[9] Plaintiff argues that, "[a]s First Franklin was not the owner of the Instruments [the Second Mortgage], Defendant Recon had no authority to release or satisfy the lien."[10]

---

[2] 1st Am. Compl. (Dkt. 13) at **Ex. C**, Note and Security Agreement, and **Ex. D**, Deed of Trust (Secondary Lien).
[3] 1st Am. Compl. (Dkt. 13) at **Ex. D**, Deed of Trust (p. 3 thereof).
[4] 1st Am. Compl. (Dkt. 13) at 2-3, ¶ 9.
[5] 1st Am. Compl. (Dkt. 13) at **Ex. E**, Corporate Assignment of Deed of Trust.
[6] 1st Am. Compl. (Dkt. 13) at 3-4, ¶¶ 18-19.
[7] 1st Am. Compl. (Dkt. 13) at 5, ¶ 32 ("Defendant Recon has been unjustly enriched by both accepting the proceeds of the sale of the Instruments and by failing to accept or accepting the proceeds to satisfy the instruments.").
[8] 1st Am. Compl. (Dkt. 13) at 4, ¶ 21.
[9] 1st Am. Compl. (Dkt. 13) at **Ex. G**, Release of Lien.
[10] 1st Am. Compl. (Dkt. 13) at 4, ¶ 23.

Based upon these allegations, Plaintiff asserts claims against Defendant, as the successor by merger to ReconTrust, for (**1**) unjust enrichment and (**2**) declaratory judgment. Each claim fails, as outlined below.[11]

## II.
## LEGAL STANDARD

Rule 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[12] Fed. R. Civ. 12(c). "'A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "'[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). To avoid dismissal, a plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[11] Effective March 31, 2020, Defendant became the successor by merger to ReconTrust. (Office of the Comptroller of the Currency Control Number 2019-LB-Combination-311790.)

[12] The deadline to amend pleadings in the instant case was January 25, 2024. (Docket-Control Order, Dkt. 20.)

3

that the defendant is liable for the misconduct alleged." *Id*. The Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## III.
## RECORDS ATTACHED TO PLAINTIFF'S PLEADING

A court cannot look beyond the pleadings in deciding a Rule 12 motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). However, "pleadings," for purposes of Rule 12, include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Plaintiff has attached multiple documents to its pleading (addressed *infra*). Under the controlling authorities, the Court may consider these documents in deciding the instant Motion. *See Collins*, 224 F.3d at 498.

## IV.
## ARGUMENT & AUTHORITIES

### A.     Limitations Bars the Claim for Unjust Enrichment.

Plaintiff asserts a cause of action for unjust enrichment.[13] Plaintiff alleges that "Defendant Recon has been unjustly enriched by both accepting the proceeds of the sale of the Instruments [to Plaintiff] and by failing to accept or accepting the proceeds [from the Borrowers' March 2016 sale] to satisfy the instruments."[14]

---

[13] 1st Am. Cmpl. (Dkt. 13) at 4-5, ¶¶ 25-32.
[14] 1st Am. Compl. (Dkt. 13) at 5, ¶ 32.

4

There is some debate about whether unjust enrichment is an independent cause of action or merely a quasi-contractual theory of recovery. *See Davis v. Wells Fargo Bank, N.A.*, No. 11-cv-047, 2014 WL 585403, at *2–3 (S.D. Tex. Feb. 14, 2014) (citing David Dittfurth, *Restitution in Texas: Civil Liability for Unjust Enrichment*, 54 S. TEX. L. REV. 225, 226 (2012) ("[T]he Texas Supreme Court should establish an independent and generally applicable cause of action for unjust enrichment.") and George P. Roach, *Unjust Enrichment in Texas: Is It a Floor Wax or a Dessert Topping?*, 65 BAYLOR L. REV. 153, 253 (2013) ("Texas has a cause of action for unjust enrichment but it does not resemble traditional unjust enrichment in equity and therefore Texas has a weak safety net.")). Some courts, including the Texas Supreme Court and the Fifth Circuit, have acknowledged such claims. *See, e.g.*, *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010); *Elledge v. Friberg–Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007); *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("Unjust enrichment is an independent cause of action.").

Whether unjust enrichment is characterized as a cause of action or a theory of recovery, the elements are clear. Unjust enrichment is an implied-contract basis for requiring restitution when it would be unjust to retain benefits received. *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.). Unjust enrichment allows recovery "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). It is "based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (internal quotation marks omitted). However, unjust enrichment is not a proper remedy merely because it "might appear expedient or

5

generally fair that some recompense be afforded for an unfortunate loss" to the claimant, or because the benefits to the party sought to be charged amount to a windfall. *Heldenfels Bros.*, 832 S.W.2d at 42. Unjust enrichment does not operate to rescue a party from the consequences of a bad bargain, and the enrichment of one party at the expense of the other is not unjust if the parties have an express contract that permits it. *Burlington N. R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), *aff'd*, 966 S.W.2d 467 (Tex. 1998). "The simplest case of unjust enrichment liability is the mistaken payment. The plaintiff, thinking she owes the defendant $100, pays that amount, but in fact she does not owe anything. But the transfer takes effect as such, so that the defendant becomes the owner of the money." Lionel Smith, *Restitution: The Heart of Corrective Justice*, 79 TEX. L. REV. 2115, 2141 (2001) (footnote omitted).

Even assuming that an unjust enrichment claim is an independent cause of action, the claim in the instant suit is barred by limitations. The Texas Supreme Court has stated that a two-year statute of limitations applies to unjust enrichment claims. *See Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998). In determining when a claim for unjust enrichment accrues, Texas follows the "legal injury test." *Mayo v. Hartford Life Ins., Co.*, 354 F.3d 400, 410 (5th Cir. 2004). That test provides that "a cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *Id.* (quoting *Johnson Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 19998)). The fact that the injury is not discovered until later does not toll the running of the limitations period. *Id.* at 410, n.16.

As noted, Plaintiff alleges that "Defendant Recon" was allegedly unjustly enriched "by both accepting the proceeds of the sale of the Instruments [to Plaintiff] and by failing

6

to accept or accepting the proceeds [from the Borrowers' March 2016 sale] to satisfy the instruments."[15] However, upon examining the interplay between these dates, it is clear that limitations bars Plaintiff's present unjust enrichment claim.

### 1. April 17, 2015 (assignment of Second Mortgage to Plaintiff).

Presumably, the date on which "Defendant Recon … accept[ed] the proceeds of the sale of the Instruments" is the date on which Plaintiff acquired the Second Mortgage from First Franklin. Plaintiff states that it "acquired the Instruments by Assignment of Deed of Trust dated April 17, 2015 and blank endorsement of the Note."[16] In other words, Plaintiff purportedly paid First Franklin for the mortgage more than eight (8) years before it filed this suit.[17]

### 2. March 4, 2016 (date of accrual of the claim for unjust enrichment).

Next, Plaintiff alleges the unjust enrichment claim accrued when "Defendant Recon … fail[ed] to accept or accept[ed] the proceeds to satisfy the instruments."[18] This is presumably the date on which the Borrowers sold the Property, purportedly paying ReconTrust, not Plaintiff, to satisfy the Second Mortgage.[19] In other words, ReconTrust purportedly received this benefit more than seven (7) years before Plaintiff filed the instant suit.[20]

---

[15] 1st Am. Compl. (Dkt. 13) at 5, ¶ 32.
[16] 1st Am. Compl. (Dkt. 13) at 3, ¶ 17.
[17] Plaintiff filed this suit on April 21, 2023. (Compl., Dkt. 1.)
[18] 1st Am. Compl. (Dkt. 13) at 5, ¶ 32.
[19] 1st Am. Compl. (Dkt. 13) at 3, ¶¶ 11-13 and 18-19; **Ex. B** thereto (General Warranty Deed evidencing the Borrowers' sale of the Property on March 4, 2016); **Ex. F** thereto (Closing Disclosure evidencing the Borrowers' sale of the Property on March 4, 2016); **Ex. G** thereto (Release of Lien as to the Second Mortgage).
[20] Plaintiff filed this suit on April 21, 2023. (Compl., Dkt. 1.)

Because this case was filed more than two (2) years after the alleged accrual date of March 4, 2016, there are no genuine material fact issues pertaining to the running of the statute of limitations.[21] Accordingly, any claim for unjust enrichment based on the accrual date of March 4, 2016 must be dismissed with prejudice. *See Wagner & Brown*, 58 S.W.3d at 737 (two-year statute of limitations applies to unjust enrichment claims).

**B.     Limitations Likewise Bars the Declaratory Judgment Claim.**

Plaintiff seeks a declaratory judgment to the effect that the Release of Lien is void, that Plaintiff still has the right to collect on the Second Mortgage, and that Defendant owes Plaintiff any payments it (or its predecessors) received on the Second Mortgage after the assignment to Plaintiff.[22]

The federal Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a federal court may declare the rights and legal relations of any interested party. Section 2201 is a procedural provision only extending to controversies within the jurisdiction of the federal courts. *Gaar v. Quirk*, 86 F.3d 451, 453-54 (5th Cir. 1996). As such, the availability of a declaratory judgment depends upon the existence of an underlying judicially-remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Because a declaratory judgment action is a procedural device used to determine substantive rights, the court must look to the legal remedy underlying the cause of action to determine the applicable limitations period. *See Priester v. Long Beach Mortg. Co.*, No. 10-CV-641, 2011 WL 6116491, at *5

---

[21] "Like a motion for summary judgment, a Rule 12(c) motion is appropriate only if there is no issue of material fact and if the pleadings show the moving party is entitled to judgment as a matter of law." *Frost v. Martin*, No. 1:08CV65, 2009 WL 3063386, at *2 (E.D. Tex. Sept. 22, 2009) (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.), *cert. denied*, 525 U.S. 1041 (1998)). "Accordingly, a court considering such a motion must assume the truth of all material facts alleged in the complaint, as well as all reasonable inferences that can be drawn from such facts." *Id.* (citing *St. Paul Insurance v. AFIA Worldwide Ins.*, 937 F.2d 274 (5th Cir. 1991)).

[22] 1st Am. Compl. (Dkt. 13) at 5 (Plaintiff's prayer for relief).

(E.D. Tex. Oct. 13, 2011) (citing *Nw. Austin Mun. Util. Dist. No. 1 v. City of Austin*, 274 S.W.3d 820, 836 (Tex. App.—Austin 2008)).

In this case, Plaintiff's request for declaratory relief depends on its potentially viable unjust enrichment claim. *See, e.g., Watson v. CitiMortage, Inc.*, 814 F. Supp. 2d 726, 738 (E.D. Tex. 2011) (declining to dismiss the plaintiff mortgagors' declaratory judgment action where they had stated claims against their lender for, *inter alia*, breach of contract). Unjust enrichment claims are governed by the two-year statute of limitations. *Elledge*, 240 S.W.3d at 869 ("This case reaffirms that unjust enrichment claims are governed by the two-year statute of limitations.").

Plaintiff acknowledges that its cause of action for unjust enrichment accrued, at the latest, in March of 2016.[23] And because this case was filed more than seven (7) years later, on April 21, 2023 (Compl., Dkt. 1), there are no genuine material fact issues pertaining to the running of the statute of limitations. (Discussed *supra* at IV.A.1-2.) Accordingly, because Plaintiff has no viable claim for unjust enrichment, it likewise has no viable claim under the Declaratory Judgment Act. *See Opheim v. Wells Fargo Bank*, No. 3:16-CV-1097, 2016 WL 8715662, at *5 (N.D. Tex. Nov. 9, 2016) (recommending dismissal of plaintiff's Declaratory Judgment Act claim because limitations barred plaintiff's breach of contract and Texas Debt Collection Act claims), *report and recommendation adopted*, No. 3:16-CV-1097, 2016 WL 8711735 (N.D. Tex. Dec. 16, 2016). The Court must therefore dismiss Plaintiff's declaratory judgment claim with prejudice.

---

[23] 1st Am. Compl. (Dkt. 13) at 3, ¶¶ 11-13 and 18-19; **Ex. B** thereto (General Warranty Deed evidencing the Borrowers' sale of the Property on March 4, 2016); **Ex. F** thereto (Closing Disclosure evidencing the Borrowers' sale of the Property on March 4, 2016); **Ex. G** thereto (Release of Lien as to the Second Mortgage).

### C. The Implausibility of Plaintiff's Claims.

Unjust enrichment is an implied-contract basis for requiring restitution when it would be unjust to retain benefits received. *Walker*, 181 S.W.3d at 900. But Plaintiff has not actually alleged that ReconTrust (Defendant's predecessor) received and retained the funds tendered to pay off the Second Mortgage. At most, Plaintiff has alleged that ReconTrust, on behalf of First Franklin, filed a Release of Lien in the property records.[24] Indeed, the face of the Release of Lien expressly states that it was "Prepared By" ReconTrust, and it asked Harris County to return a file-stamped copy of the Release to ReconTrust "When Recorded."[25] However, it was First Franklin that executed the Release.[26]

By failing to allege that ReconTrust received and retained any benefit—indeed, Plaintiff's own pleading demonstrates that ReconTrust did nothing more than prepare and file the Release of Lien—Plaintiff has failed to allege a plausible claim for relief against Defendant. *See Ashcroft*, 556 U.S. at 678 (a claim has facial plausibility only when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

### D. Plaintiff Is Not Entitled to Attorney's Fees.

Lastly, Plaintiff seeks attorney's fees under 28 U.S.C. § 2412.[27] However, that statute is wholly inapplicable to the case at bar. It applies only to civil actions brought by or against the United States. *See* 28 U.S.C. § 2412(b) ("in any civil action brought by or against the United States" or any U.S. agency or official, the government "shall be liable"

---

[24] 1st Am. Compl. (Dkt. 13) at 4, ¶ 23; **Ex. G** thereto (Release of Lien as to the Second Mortgage).
[25] 1st Am. Compl. (Dkt. 13) at **Ex. G**, Release of Lien.
[26] *Id.*
[27] 1st Am. Compl. (Dkt. 13) at 5, ¶ 34.

for attorney's fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award"); 28 U.S.C. § 2412(d) (requires a court to award attorney's fees and costs to a party prevailing against the United States in a civil action, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust"). Obviously, the Untied States is not a party to this case. Accordingly, Plaintiff's invocation of Section 2412 is of no mind.

## V.
## CONCLUSION

For all the reasons set forth above, Defendant respectfully asks the Court to grant this Motion for Judgment on the Pleadings because Plaintiff's claims against it fail as a matter of law and because allowing Plaintiff to restate any claim would be an act of futility. *See DeLoach v. Woodley*, 405 F.2d 496, 496-97 (5th Cir. 1968) (noting that the Federal Rules of Civil Procedure "do not require that courts indulge in futile gestures").

Dated:  February 28, 2024

Respectfully submitted,

*/s/ Matthew D. Durham*
**MATTHEW D. DURHAM**
TX Bar No. 24040226
mdurham@mcguirewoods.com
**MCGUIREWOODS LLP**
2601 Olive St., Ste. 2100
Dallas, Texas 75201
Tele. 214.932.6400
Fax  214.932.6499

**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>February 28, 2024</u>, a true and correct copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

                                        <u>*/s/ Matthew D. Durham*</u>
                                        **MATTHEW D. DURHAM**