United States District Court
Southern District of Texas
**ENTERED**
March 28, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| 20 CAP FUND I, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00120 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| SUCCESSOR BY MERGER TO | § | |
| RECONTRUST COMPANY, N.A., | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me is a Motion for Judgment on the Pleadings ("Motion for Judgment") filed by Defendant Bank of America, N.A., Successor by Merger to ReconTrust Company, N.A. ("Bank of America" or "Recon"). Dkt. 22. After reviewing the briefing, the record, and the applicable law, I recommend Bank of America's Motion for Judgment (Dkt. 22) be **GRANTED**.

## BACKGROUND

On March 1, 2005, David and Maxine Morris (the "Borrowers") "obtained a $32,600.00 second-lien mortgage from First Franklin, a Division of National City Bank of Indiana" ("First Franklin"). Dkt. 22 at 1. The loan was secured by a Deed of Trust encumbering property located at 3034 Regata Run Drive, Friendswood, Texas 77546 (the "Property"). In this lawsuit, Plaintiff 20 Cap Fund I, LLC ("20 Cap") contends that on April 17, 2015, it purchased from First Franklin all rights and interest in the loan and Deed of Trust.

On March 4, 2016, the Borrowers sold the Property. 20 Cap claims the proceeds of the sale should have been used to pay off its lien. Instead, 20 Cap alleges that funds from the sale were tendered to Recon, and Recon then improperly recorded, on behalf of First Franklin, a release of the lien owned by 20

Cap. Recon filed the release of lien on March 4, 2016. According to 20 Cap, "Recon had no authority to release or satisfy the lien." Dkt. 13 at 4.

20 Cap's First Amended Complaint contains three claims: (1) unjust enrichment, (2) declaratory judgment, and (3) attorney's fees. In its Motion for Judgment, Bank of America argues 20 Cap's claims are barred by the applicable statute of limitations.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Rule 12(b)(6) allows defendants to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The statute of limitations may serve as a proper ground for dismissal under [Rule 12(b)(6)] . . . if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983) (quotation omitted); *see also Wolfe v. Bellos*, No. 3:11-cv-02015, 2012 WL 652090, at *5 (N.D. Tex. Feb. 28, 2012) ("A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to raise some basis for tolling the statute.").

In assessing the sufficiency of the complaint, I must limit my review "to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the

2

complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## DISCUSSION

**A.    20 CAP'S UNJUST ENRICHMENT CLAIM IS TIME-BARRED**

20 Cap's first cause of action is for unjust enrichment. In Texas, "unjust enrichment claims are governed by the two-year statute of limitations." *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 869 (Tex. 2007). "In determining when claims accrue, Texas follows the 'legal injury' test, under which '[a] cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy.'" *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 410 (5th Cir. 2004) (quoting *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)).

20 Cap alleges Bank of America "has been unjustly enriched by both accepting the proceeds of [First Franklin's April 17, 2015] sale of the [note and Deed of Trust to 20 Cap] and by failing to accept or accepting the proceeds [from the March 4, 2016 sale of the Property]." Dkt. 13 at 5. 20 Cap filed the instant action on April 21, 2023. Both alleged unjust enrichment accrual dates—April 17, 2015 and March 4, 2016—occurred more than two years before the filing of this lawsuit. Apparently realizing that the statute of limitations unquestionably bars this action, 20 Cap has not even bothered to respond to Bank of America's Motion for Judgment. Accordingly, I recommend the unjust enrichment claim be dismissed.

**B.    20 CAP'S DECLARATORY JUDGMENT CLAIM IS ALSO TIME-BARRED**

20 Cap seeks a declaratory judgment "that [Bank of America] had no authority to release, satisfy, or accept payoff of [20 Cap]'s lien on behalf of First Franklin." Dkt. 13 at 3.

Because a declaratory judgment action is a procedural device used to vindicate substantive rights, it is time-barred "to the same extent that the applicable statute of limitations bars an underlying action in law or equity." *Petro*

3

*Harvester Operating Co., L.L.C. v. Keith*, 954 F.3d 686, 699 (5th Cir. 2020) (quotation omitted). The underlying cause of action in this case is for unjust enrichment. Because, as explained, the two-year statute of limitations bars the unjust enrichment claim, the declaratory judgment claim is also barred and should be dismissed.

C.  **20 CAP IS NOT ENTITLED TO ATTORNEY'S FEES**

Finally, 20 Cap asserts that it is entitled to attorney's fees under 28 U.S.C. § 2412. That statute applies only to "civil action[s] brought by or against the United States." 28 U.S.C. § 2412(a)(1). The United States is not a party to this case. Moreover, for the reasons explained above, 20 Cap cannot prevail on its claims, so it would not be entitled to attorney's fees in any event.

## CONCLUSION

For the reasons explained above, I recommend Bank of America's Motion for Judgment (Dkt. 22) be **GRANTED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 28th day of March 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE